## Peacock *against* Banks.

*December, 1825.*

IN the Circuit Court of *Montgomery* County, *Wm. Banks* declared in assumpsit against *Wm. Peacock*, as maker of a promissory note to him, due ninety days after date, and payable and negotiable at the Branch Bank of the State of *Tennessee* at *Nashville*, and to bear legal interest from the date until paid. The declaration does not aver a present-ment and demand *of* payment at the Bank, but concludes with the usual statement of liability, *super se assumpsit*, breach, &c. The declaration was filed at *February* term, 1821 ; and at same term defendant demurred specially, for that the de-mand for payment of the note was not averred to have been made at the Branch Bank, &c. At *April* term, 1822, " declaration to be amended and time given to plead." The cause was continued until *April* term, 1823, when came the parties by their Attornies, " and the said defendant " having withdrawn *his pleas* by him above pleaded, whereby " the said action remains undefended, it is therefore con-" sidered," &c.

*1,* Defendant hav-ing demurred, the Record shews that he after-wards withdrew his *plea*, and that there was a judg-ment by nil di-cit, the demurrer was withdrawn.
*2,* In an action on a note paya-ble in another State, the Record must shew that the rate of inter-est in that State was proved as a fact.

On the judgment against him, *Peacock* prosecuted a writ Error to this Court, and assigned as Errors—

1, The declaration does not aver that the note was pre-sented at the Branch Bank of the State of *Tennessee* at *Nashville*, for payment.

2, It does not appear that the demurrer to the declara-tion was disposed of.

3, There is no amended declaration as allowed by the Court.

4, The judgment is for interest at eight per cent. No interest should have been allowed, or, if any, it should have been the interest of the State of *Tennessee*, which is but six per cent.

*Crawford* and *Hitchcock*, for plaintiff; *Goldthwaite*, for defendant in Error.

Judge *Minor* delivered the opinion of the Court.

The Record shews that " the defendant having withdrawn his pleas, whereby," &c. the Court proceeded to render judgment against him.

Pleadings are the mutual altercations of the parties, plaintiff or defendant, setting forth the matters in the cause to be submitted to the determination of the Court or the Jury. It has not been, and I presume could not with plausibility, be contended, that the demurrer here was not a part of the pleadings.

After a special demurrer, setting forth the same matter which is now, by the first assignment, charged as Error, leave is given to amend the declaration. Then, after two continuances, the defendant withdraws his pleas and the action remains undefended. By this I understand that he abandoned all matter of law or of fact which he had to allege against the plaintiff's right of recovery, and acknowledged on the Record that the declaration set out a good cause of action, and that he had nothing to shew in bar.

Therefore I am of opinion that the 1st, 2d, and 3d assignments cannot be sustained; and that it is not necessary to the determination of this cause to consider whether the declaration should have averred a demand of payment at the place appointed by the note.

As to the 4th assignment—It appears that the note was made payable at *Nashville*, in the State of *Tennessee*. Where a contract is made in reference to another country, it must be governed by the laws of the place where it is to have its effect. And foreign laws must be proved as facts. The Court, except in special cases, as defined by Statute, is not the tribunal for the determination of facts. The laws of *Tennessee* regulating the rate of interest, the Circuit Court could not judicially know, unless from the finding of a Jury on evidence submitted to them; and the Clerk was not authorized by our Statute (Laws Ala. '70,) to calculate the interest.

On the last assignment, I am of opinion that the proceedings in the Circuit Court must be reversed as far back as the entry withdrawing the pleas of defendant below, and the cause remanded for further proceedings.

Judges *Saffold, Crenshaw,* and *Gayle,* concurred.

See Tidd's Pr. 4 John. 288. 17 John. 509.

Judge *Crenshaw.*—I concur in reversing the judgment and remanding the cause. But as it is assigned as Error that the note was not presented for payment at the Bank where payable, and as this question has been fully and ably discussed, as it frequently occurs on the Circuit, and it is important to the practice that it should be settled, I shall avail myself of this occasion to express my opinion on this point also. On this point the case cited from the English Common Law Reports,(a) and the reasons given by the Chancellor for that decision, are satisfactory to my mind in forming an opinion.

According to the doctrine then laid down, the plaintiff cannot recover on a contract to pay a debt at a particular place, unless he aver and prove a demand at that place. I think this omission would of itself have been fatal, had it not been assigned as cause of demurrer, and that demurrer afterwards withdrawn and a judgment permitted to go by *nil dicit.*

DECEMBER, 1825.

Peacock
v.
Banks.

(a) 6 *Eng. Com. Law Reports,* 58. 2 *Broderip and Bingham,* 165. *Rowe vs. Young.*